IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| Tampa Jo Vance-Brooks, )<br>  )<br>   Plaintiff, )<br>  )<br>   v. )<br>  )<br> MiraMed Revenue Group, LLC, an )<br> Illinois limited liability company, )<br>  )<br>   Defendant. ) | No.  1:12-CV-1346<br><br><br><br><br><u>Jury Demanded</u> |

### COMPLAINT

Plaintiff, Tampa Jo Vance-Brooks, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

### JURISDICTION AND VENUE

1.  This Court has jurisdiction, pursuant to § 1692k(d) of the FDCPA and 28 U.S.C. § 1331.

2.  Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendant resides and transacts business here.

### PARTIES

3.  Plaintiff, Tampa Jo Vance-Brooks ("Vance-Brooks"), is a citizen of the State of Indiana, residing in the Southern District of Indiana, from whom Defendant attempted to collect delinquent consumer debts allegedly owed to Solutions Healthcare Management.

4. Defendant, MiraMed Revenue Group, LLC ("MiraMed"), is an Illinois limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts, including delinquent consumer debts in the Southern District of Indiana. In fact, MiraMed was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant MiraMed is authorized to conduct business in the State of Indiana and maintains a registered agent within the State of Indiana, see, records from the Indiana Secretary of State, attached as Exhibit A. In fact, MiraMed conducts business in Indiana.

6. Defendant MiraMed is licensed as a debt collection agency in the State of Indiana, see, record from the Indiana Secretary of State, Securities Division, attached as Exhibit B. In fact, Defendant MiraMed acts as a collection agency in Indiana.

## FACTUAL ALLEGATIONS

7. On December 12, 2011, Ms. Vance-Brooks and her husband filed a Chapter 13 bankruptcy petition in a matter styled In re: Brooks, S.D. Ind. Bankr. No. 11-15062-AJM-13. Among the debts listed on Schedule F of Ms. Vance-Brooks' bankruptcy petition was a debt she allegedly owed to Solutions Healthcare Management, which Defendant MiraMed was then attempting to collect, see, excerpt of bankruptcy petition attached as Exhibit C.

8. Accordingly, on December 14, 2011, MiraMed was sent, via electronic transmission, notice of Ms. Vance-Brooks' bankruptcy by the court, see, the Certificate of Service to the Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors and

2

Deadlines, which is attached as Exhibit D.

9. Nonetheless, Defendant MiraMed sent Ms. Vance-Brooks a collection letter, dated August 31, 2012, demanding payment of the debt owed to Solutions Healthcare Management prior to the bankruptcy, along with a post-petition debt. A copy of this collection letter is attached as Exhibit E.

10   Ms. Vance-Brooks made a payment to the medical provider on the post-petition debt, which it then forwarded to Defendant MiraMed. MiraMed then improperly applied that payment to the pre-petition debt.

11. All of Defendant MiraMed's collection actions at issue in this matter occurred within one year of the date of this Complaint.

12. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692e Of The FDCPA --
### Demanding Payment Of A Debt That Is Not Owed

13. Plaintiff adopts and realleges ¶¶ 1-12.

14. Section 1692e of the FDCPA prohibits a debt collector from using any false and/or any deceptive or misleading representation or means in connection with the collection of a debt, including, but not limited to, the false representation of the character, amount or legal status of any debt, see 15 U.S.C. § 1692e(2)(A).

15. Demanding payment of a debt that is no longer owed, due to a bankruptcy, is false and/or deceptive or misleading, in violation of § 1692e of the FDCPA. Randolph v. IMBS, Inc., 368 F3d 726, 728-730 (7th Cir. 2004).

16. Defendant MiraMed's violation of § 1692e of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

17. Plaintiff adopts and realleges ¶¶ 1-12.

18. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

19. Here, Plaintiff's bankruptcy, and the notice issued by that court (Exhibit D), told Defendant to cease communications and cease collections. By continuing to communicate regarding this debt and demanding payment (Exhibit E), Defendant violated § 1692c(c) of the FDCPA.

20. Defendant MiraMed's violation of § 1692c(c) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT III
### Violation Of § 1692c(a)(2) Of The FDCPA –
### Communicating With A Consumer Represented By Counsel

21. Plaintiff adopts and realleges ¶¶ 1-12.

22. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can

readily ascertain, such attorney's name and address, <u>see</u>, 15 U.S.C. § 1692c(a)(2).

23.     MiraMed was given notice, through Plaintiff's bankruptcy, that Plaintiff was represented by an attorney in connection with this debt.  Moreover, Plaintiff's bankruptcy was a matter of public record in the files of the bankruptcy court, and Defendant was aware of Plaintiff's bankruptcy, prior to its sending out the August 31, 2012 collection letter (Exhibit <u>E</u>).

24.     By sending a debt collection letter directly to Ms. Vance-Brooks, despite notice that she was represented by bankruptcy counsel in connection with this debt, Defendant violated § 1692c(a)(2) of the FDCPA.

25.     Defendant MiraMed's violation of § 1692c(a)(2) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees.  <u>See</u>, 15 U.S.C.  § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Tampa Jo Vance-Brooks, prays that this Court:

1.     Find that Defendant MiraMed's debt collection actions violated the FDCPA;

2.     Enter judgment in favor of Plaintiff Vance-Brooks, and against Defendant, for actual and statutory damages;

3.     Award Plaintiff her costs and reasonable attorneys' fees; and,

4.     Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Tampa Jo Vance-Brooks, demands trial by jury.

        Tampa Jo Vance-Brooks,

        By:<u>/s/ David J. Philipps</u>
        One of Plaintiff's Attorneys

Dated: September 21, 2012

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com

Steven J. Halbert    (Ind. Bar No. 14254-02)
11805 N. Pennsylvania Street
AmeriCenters Building
Carmel, Indiana 46032
(317) 706-6762
(317) 706-6763 (FAX)
shalbertlaw@aol.com